## Mitchell et ux. v. Scottow.

(Decided May 26, 1933.)

F. M. DAILEY and GUY. H. BRIGGS for appellants.
POLK SOUTH, Jr., for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Prior to April 4, 1898, Kate M. Williams et al. owned a tract of land in Franklin county near the city of Frankfort, containing some 90 acres, more or less. It is located in a southwest direction from the main portion of the city, and what might be called its eastern boundary is, for the greater part, an old road running up the hill from Taylor avenue, and which was formerly a part of the old Louisville and Frankfort pike. On the date mentioned the owners of that tract conveyed to Margaret J. Russell 4.05 acres taken out of a bend in the old road referred to, and which tract so conveyed was thus described: "Commencing at a point on the hillside 18 feet in a line perpendicular to the course of the old road at that point from a city limit stone or corner planted on the lower outside edge of said road; thence with the meanders of said road as follows viz.: South 14¾ East 100 feet, South ¼ degree West 136 feet, South 10 degrees West 100 feet, South 14½ degrees West 109 feet South 54½ degrees, West 52 feet North 85¾ degrees West 117 feet, South 75 degrees, West 185 feet; thence leaving the road North 33½ degrees West 100 feet to a planted stone; thence North 52¼ degrees East 730 feet to a point on the upper edge of said road; thence up the same South 25½ degrees West to the place of the beginning containing 4.05 acres (the old road being entirely excluded) be the same more or less, together with all the singular and appurtenances and easements thereto belonging or in anywise appertaining, together with the full size use of a piece of the said Kate M. Williams land, as a passway, viz.: A strip 18 feet wide and 100 feet long abutting 100 feet on the most Southern end of the land hereby conveyed."

It will be observed that the 18-foot strip mentioned in that deed was not conveyed, but a right of easement over it was conveyed to the vendee as an appurtenant to the land embraced in the deed. That 18 feet did not purport to embrace exactly what was the old roadbed at that time, but only a right of way of that width running "the course of the old road at that point," and which, one of the surveyors in this case stated, extended only to about the middle of the present traveled way of the old road, it being shown that there have been some changes made in the roadbed along that point. Miss Russell, the vendee in that deed, later conveyed it to another, and through mesne conveyances appellants and plaintiffs below became the owners thereof by a conveyance made to them by David Goins and wife on February 6, 1924. After the conveyance of that small tract from the larger one to Margaret J. Russell by Kate M. Williams and others, the vendors conveyed away the remaining portion of their tract and by mesne conveyances the appellee and defendant below, Roger Scottow, became the owner thereof on March 12, 1931. Since that date there arose a dispute between plaintiffs, the present owners of the 4.05 acres conveyed to Margaret J. Russell by Kate M. Williams et al., and defendant, the present owner of the remaining portion of the larger tract, as to the true location of the line as reached by the tenth call in the deed of Kate M. Williams et al. to Margaret J. Russell, and which says: "Thence leaving the road (the old Louisville and Frankfort pike) north 33¼ degrees West 100 feet to a planted stone."

That dispute arose from the fact that Margaret J. Russell in the deed she executed to her vendee of the 4.05 acres wrote that call so as to read "150 feet" instead of "100 feet" as contained in her deed, and which made the tract conveyed by her deed embrace the small strip of land 50 feet wide by 730 feet (the distance of the next or eleventh call), and which plaintiffs seek to recover in this action filed by them against defendant in the Franklin circuit court. The answer of defendant denied plaintiffs' ownership of the contested strip of land and asserted title in himself, both under his deed, and also by adverse possession. It also relied on champerty as a defense against plaintiffs' right to assert title to the contested strip which contains about 1¼ acres.

A trial of the action resulted in a verdict for defendant, upon which judgment was rendered, and, plaintiffs' motion for a new trial having been overruled, they prosecute this appeal.

Plaintiffs in their testimony expressly stated that they had never been in possession of any part of the contested strip of land, but that on the contrary the different owners of the remaining portion of the larger tract, from which plaintiffs' land was carved, had always, so far as they knew, cultivated and were in complete possession of the contested strip. Not only so, but defendant and all of his witnesses introduced upon the subject testified to the same facts, and that the owners of the Scottow portion of the original larger tract had cultivated the land up to a point embraced by the tenth and eleventh calls of the deed to Margaret J. Russell, the first of which as being 100 feet. But learned counsel for plaintiffs in their brief seek to avoid the effect of such possession by a reliance on the well-settled principal of law that a vendor's possession after his conveyance will be presumed to be amicable to the title he conveyed, and that for such possession to become adverse to his vendee "it was necessary for them [vendors] to have made an open demonstration of actual adverse occupancy of the land, of such a character as would have amounted to a notice to James Boyd of the adverse character of their holding, and such as would have reasonably put a purchaser upon notice of the fact of their hostile claim. Mayes v. Kenton, 64 S. W. 728, 23 Ky. Law Rep. 1052; Shaw v. Revel, 51 S. W. 566, 21 Ky. Law Rep. 348; Ross v. Veech, 58 S. W. 475, 22 Ky. Law Rep. 578." From Travis et al. v. Bruce, 172 Ky. 390, 189 S. W. 939, 943.

If it were necessary to prove that the possession of defendant and his vendors was an adverse one under that excerpt (which embodies a well-established principle applicable to adverse possession), the evidence in this case uncontradictedly did so. But the general principle so relied on by counsel can have no application in this case, since Kate M. Williams and others never conveyed the strip of land embraced by the erroneous extension of the tenth call in her deed to Margaret J. Russell from 100 feet to 150 feet, and which error was repeated in all following deeds from the time it was first made, including the deed from Goins to

plaintiff. Defendant, nor his remote vendors, there-fore, never conveyed the contested strip, and their con-tinued possession of it, claiming it as their own, was not that of a vendor as against his vendee, and which fact eliminates the principle contended for from any application in the case; except as to the claim of plain-tiffs' counsel that the beginning of the 100 feet line in the tenth call of the deed to Margaret J. Russell in-cluded a part of the old road and which was intended to be entirely excluded, and because thereof the 100 feet in the tenth call of the Russell deed was made shorter by some 10 or 15 feet than the parties to that deed in-tended; and for which reason plaintiffs are entitled to recover of defendant a strip of land of at least the lat-ter width, notwithstanding they might not be entitled to recover the land embraced by the tenth call in their deed if it were 150 feet.

But the trouble with that contention is, as we have hereinbefore intimated, that the 18-foot passway was not necessarily located where the old road now is, or then was, but only that width from the stone mentioned in the Russell deed as being excluded for a passway. County Surveyor Phillips, who surveyed plaintiffs' tract by the calls in the Russell deed, testified that the 18 feet from the beginning corner of the description in the Rus-sell deed was somewhere near the middle of the present old roadbed, and the circumstances in the case indicate that to be the fact.

But, independently of the foregoing, every witness in this case, extending back for a long period, testified that at the termination of the 100 feet in the tenth call of the Russell deed there was and is an old fencepost, from which ran a wire fence 730 feet to the intersection of the old road near the beginning corner and parts of which fence are still there, including the old corner post. Some of the wires are embedded in trees to which they were tacked as the fence decayed, and it is undis-putably established that all owners and tenants of the original tract, as well as the smaller one, conveyed therefrom to Margaret J. Russell, have continuously recognized that old fence line as the one dividing plain-tiffs' land from that of defendant, and which amicable understanding would have no doubt continued but for the fact that plaintiffs and defendant got into a dispute about the pasturing of a cow on some portion of defend-

ant's land, resulting in the discovery that the tenth call in plaintiffs' deed was for a distance of 150 feet instead of the original distance in the Russell deed of 100 feet, and but for which we are convinced this litigation would never have been.

But whether so or not, we conclude that the judgment was proper as based upon any one of the three grounds, i. e. (a) that plaintiffs showed no title to the contested strip; (b) that, notwithstanding the description in their deed may have included the contested strip, yet it was champertous and void as to that portion of the land so conveyed to them, because at the time it was in the adverse possession of the owner of the original tract; and (c) that defendant established such adverse possession by him and his remote vendors of the contested strip as to ripen a title thereto.

Wherefore the judgment is affirmed.